UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LARRY GENE HEGGEM, ) | |
| Plaintiff, ) | No. CV-07-258-LRS |
| vs. ) | **ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |
| BRANDON KELLY and ) JEFF UTTECHT, ) | |
| Defendants. ) | |

**BEFORE THE COURT** is the Plaintiff's Motion For Summary Judgment (Ct. Rec. 41).

Plaintiff asserts an Eighth Amendment claim for excessive force under 42 U.S.C. §1983. He claims that on April 12, 2007, while he was an inmate at the Washington State Penitentiary (WSP), Correctional Officer Brandon Kelly used an excessive amount of force upon Plaintiff after escorting the Plaintiff back to his cell and uncuffing him. An inmate is placed into his cell with handcuffs still on which are attached to a cuff retainer which the officer continues to hold on to after the inmate is placed into the cell. The inmate then backs up and places his cuffed hands into the cuff port to allow the officer to release the handcuffs. Plaintiff asserts that on April 12, 2007, while this was taking place, Officer Kelly pulled extremely hard on the cuff retainer (aka "escort rope"), causing injuries to the Plaintiff.

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . .

**ORDER DENYING MOTION
FOR SUMMARY JUDGMENT-    1**

whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995 (1992). Where prison officials have acted in response to an immediate disciplinary need, because of the risk of injury to inmates and prison employees, and because prison officials will not have time to reflect on the nature of their actions, the "malicious and sadistic standard," as opposed to the "deliberate indifference" standard, applies. *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986). When determining whether the force is excessive, the court looks at the "extent of injury . . ., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7, quoting *Whitley*, 475 U.S. at 321.

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.*, 521 F.2d 1129 (9th Cir.), *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469 (1975). Under Fed. R. Civ. P. 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986); *Semegen v. Weidner*, 780 F.2d 727, 732 (9th Cir. 1985). Summary judgment is precluded if there exists a genuine dispute over a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248.

At this juncture, the court is compelled to find there remains a triable issue (a genuine issue of material fact) whether Officer Kelly applied force "maliciously and sadistically for very purpose of causing harm" to the Plaintiff in violation of his Eighth Amendment rights. In this case, in addition to the differing accounts of

**ORDER DENYING MOTION**
**FOR SUMMARY JUDGMENT-    2**

incident from the Plaintiff and Officer Kelly[1], there is a recorded surveillance video of the incident. The court intends to review that video later in these proceedings, perhaps at trial, although it is extremely unlikely that the court would be able to conclude as a matter of law from that video that there simply is no dispute that Officer Kelly applied force maliciously or sadistically as opposed applying it in a good-faith effort to maintain or restore discipline.[2] In ruling on summary judgment motions, the court is not to resolve conflicting evidence with respect to disputed material facts, weigh evidence, or make credibility determinations, all of which are the province of the trier of fact. *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.

///
///
///
///

---

[1] A WSP Interdepartmental Memorandum attached as an exhibit to Plaintiff''s "Memorandum of Law" (Ct. Rec. 42), indicates that Officer Kelly's version of the incident is that Plaintiff pulled away from the cell door, causing the officer's right hand, which was holding the cuff retainer, to hit the cuff port with sufficient force to break the skin on his right thumb under his glove. Kelly maintains he applied steady pressure on the cuff retainer, whereas Plaintiff asserts that Kelly yanked on the retainer twice, very fast and hard. In an answer to an interrogatory from the Plaintiff, Kelly indicated he did not let go of the cuff retainer because he is responsible for maintaining control of equipment issued to him and inmates are not allowed to possess such items. (Ex. to Ct. Rec. 51 at p. 13).

[2] Plaintiff asks the court to order that his counselor at the Washington State Reformatory (WSR), Jason Neely, provide a written statement to the court describing what he saw on the video. This would not be proper evidence. The court will draw its own conclusions about the video, if appropriate. Otherwise, it will be up to the trier of fact to determine what the video reveals. Plaintiff's "Request For Written Statement" from Jason Neely (Ct. Rec. 56) is **DENIED**.

**ORDER DENYING MOTION**
**FOR SUMMARY JUDGMENT-    3**

1987).[3]    For the all foregoing reasons, Plaintiff's Motion For Summary Judgment (Ct. Rec. 41) is **DENIED**.

**IT IS SO ORDERED.**  The District Executive shall forward copies of this order to the Plaintiff and counsel for the Defendants.

**DATED** this   17th   of March, 2008.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

---

[3] Plaintiff has also named WSP Superintendent Uttecht as a Defendant. Supervisory liability arises only upon a showing of "personal participation." A supervisor is liable for the constitutional violations of subordinates only if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

**ORDER DENYING MOTION
FOR SUMMARY JUDGMENT-     4**