1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

LARRY GENE HEGGEM,                    )
                                       )
                    Plaintiff,         )        No. CV-07-258-LRS
                                       )
          vs.                          )        **ORDER DENYING**
                                       )        **PLAINTIFF'S MOTION**
                                       )        **FOR RECONSIDERATION,**
BRANDON KELLY and                      )        *INTER ALIA*
JEFF UTTECHT,                          )
                                       )
                    Defendants.        )
_____ )

       **BEFORE THE COURT** is the Plaintiff's Motion To Alter Or Amend
Judgment (Ct. Rec. 113).  This motion is heard without oral argument.

**I. BACKGROUND**

       On June 20, 2008, this court entered an "Order Granting Defendants'
Motion For Summary Judgment, In Part, *Inter Alia*," (Ct. Rec. 106), which denied
summary judgment as to Defendant Kelly, but granted summary judgment as to
Defendant Uttecht, WSP Superintendent.  This court found as a matter of law that
Uttecht did not "personally participate" in the alleged excessive force perpetrated
by Kelly on the Plaintiff on April 12, 2007, and that Uttecht did not fail to protect
the Plaintiff by allowing Kelly to escort the Plaintiff on two occasions after the
April 12, 2007 incident.  Therefore,  Defendant Uttecht was awarded judgment on
the Eighth Amendment claims asserted against him by the Plaintiff.  Plaintiff now
seeks reconsideration of the court's finding that Uttecht did not fail to protect him.

## II.  DISCUSSION

A motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) is commonly known as a motion for reconsideration.  " '[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478, at 790); see *Frederick S. Wyle P.C. v. Texaco, Inc*., 764 F.2d 604, 609 (9th Cir. 1985); see also *Keene Corp. v. International Fidelity Ins. Co*., 561 F. Supp. 656, 665 (N.D. Ill. 1982) (reconsideration available "to correct manifest errors of law or fact or to present newly discovered evidence").  Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling.  *Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash. 1987); see *Keene Corp.*, 561 F. Supp. at 665-66.

Having reviewed the reasoning found at pp. 13-15 of its summary judgment order (Ct. Rec. 106), and having considered the Plaintiff's arguments for reconsideration, the court finds it did not commit a "clear error" in concluding as a matter of law that Uttecht did not fail to protect the Plaintiff.  As the court discussed in its order, the video of the incident is inconclusive as to whether Kelly's use of force was excessive.  Accordingly, Kelly could not have inferred from the video that Kelly presented a substantial risk of serious harm to the Plaintiff if he continued to escort the Plaintiff.  Kelly escorted the Plaintiff on at least two occasions following the April 12, 2007 incident and the Plaintiff was not harmed.  The fact that Plaintiff suffered some injury during the April 12 incident, while relevant to the excessive force inquiry, would not have necessarily led Uttecht to infer that the use of force had actually been excessive and that Kelly thereafter posed a substantial risk of serious harm to the Plaintiff.

**ORDER DENYING PLAINTIFF'S**
 **MOTION FOR RECONSIDERATION- 2**

1    Plaintiff says he intends to submit to the court a video of a similar incident
2  involving another inmate in which the inmate also pulled on the retainer rope while
3  inside his cell, but in this instance, the escort officers did not pull on the rope, but
4  maintained a firm hold on the rope and verbally instructed the inmate not to pull on
5  the rope.  As the court pointed out in its summary judgment order, while DOC
6  policy states verbal intervention "should" occur before the use of physical force, it
7  is not mandated because it is recognized that there are circumstances where such
8  verbal intervention is not possible or practical.  (Ct. Rec. 120 at pp. 8-9, n. 8).
9  Whether the use of physical force is "excessive," is a fact sensitive inquiry.
10  Maintaining a firm hold on the rope may be the appropriate response in some
11  instances, but something more may be required in other instances to insure that the
12  rope is not lost and then can be used by the inmate to injure himself and/or others.
13  In sum, even if this video in fact depicts what Plaintiff says it depicts, it would not
14  change the court's summary judgment determinations (that there is an issue of
15  material fact whether Kelly used excessive force, and that there is no issue of
16  material fact that Uttecht did not fail to  protect Plaintiff from harm).[1]

17    The court reiterates that its summary judgment determinations are not
18  inconsistent.  That a jury may view the videotape of April 12, 2007 incident and,
19  along with consideration of other evidence, conclude there was excessive force,
20  does not mean Uttecht should have concluded there was excessive force and
21  therefore inferred that Kelly thereafter posed a substantial risk of serious harm to
22  Plaintiff.
23  //

24

25    [1] Plaintiff's "Request For Court Permission To Submit Newly Obtained
26  Evidence" (Ct. Rec. 112) is **DENIED** at this time without prejudice to Plaintiff
   seeking to have the video considered at trial.  Its relevance to the excessive force
27  inquiry, and its probative value versus prejudicial effect, will be considered at that
28  juncture.

**ORDER DENYING PLAINTIFF'S**
**MOTION FOR RECONSIDERATION-   3**

**III.  CONCLUSION**

Plaintiff's Motion To Alter Or Amend Judgment (Ct. Rec. 113) is **DENIED**.

**IT IS SO ORDERED.**  The District Executive shall forward copies of this order to the Plaintiff, to counsel for the Defendants, and to Magistrate Judge Hutton.

**DATED** this ___1st___ of August, 2008.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER DENYING PLAINTIFF'S**
**MOTION FOR RECONSIDERATION-  4**